FILED
2000 MAY 22 P 3:56

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTHONY J. ROBERTS #347805                CIVIL ACTION

VERSUS                                     NO. 00-0140

BARON KAYLO                                SECTION "K"(1)

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Section 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Anthony Roberts, is an inmate incarcerated at the Avoyelles Correctional Center,

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)), or, the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and, the facts underlying the claim show by clear and convincing evidence that but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

1

DATE OF MAILING  MAY 23 2000

DATE OF ENTRY
MAY 23 2000

Cottonport, Louisiana. On March 31, 1997, after a judge trial, petitioner was found not guilty of aggravated burglary in violation of La.Rev.Stat.Ann. § 14:60 (West 2000), guilty of attempted forcible rape, in violation of La.Rev.Stat.Ann. § 14:(27)42.1 (West 2000), and guilty of aggravated battery, in violation of La.Rev.Stat.Ann. § 14:34 (West 2000).[2] On May 14, 1997, petitioner was sentenced to twenty (20) years at hard labor for attempted forcible rape and ten (10) years at hard labor for aggravated battery. These sentences were to be served concurrently and the petitioner was given credit for time served.[3] On the same date the state filed a multiple offender bill of information alleging petitioner was a second felony offender.[4] On July 2, 1997, the trial court found the petitioner to be a second felony offender.[5] On July 11, 1997, the trial court vacated the sentence imposed on May 14, 1997 for attempted forcible rape conviction and sentenced the petitioner to serve twenty (20) years at hard labor without the benefit of probation or suspension of sentence, with credit for time served.[6]

On July 11, 1997, petitioner, appealed his conviction to the Louisiana Fifth Circuit Court of Appeal.[7] Petitioner argued on appeal that: 1) the trial court erroneously excluded evidence of the

---

[2] State Rec., Vol. I of III, p. 11.

[3] State Rec., Vol. I of III, p. 12.

[4] State Rec., Vol. I of III, pp. 12, 38.

[5] State Rec., Vol. I of III, p. 15.

[6] State Rec., Vol. I of III, p. 17.

[7] State Rec., Vol. III of III, petitioner's brief to the Louisiana Fifth Circuit Court of Appeal.

victim's past sexual behavior; and, 2) the trial court imposed an excessive sentence.[8] On February 25, 1998, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction and sentence and remanded the matter for the trial court to inform the petitioner in writing of the provision of LA. C.Cr.P. Art. 930.8.[9] Petitioner did not appeal this decision to the Louisiana Supreme Court.

On June 16, 1998,[10] petitioner filed an application for post-conviction relief in the trial court claiming he was denied effective assistance of counsel at trial and that the state breached a plea agreement.[11] The trial court denied relief on July 29, 1998.[12] Petitioner applied for supervisory and/or remedial writs with the Louisiana Fifth Circuit Court of Appeal, and on August 31, 1998, the state appellate court found "no error in the trial court's ruling of July 29, 1998."[13] Petitioner applied for supervisory and/or remedial writs with the Louisiana Supreme Court on September 14, 1998. On

---

[8] State Rec., Vol. III of III, petitioner's brief to the Louisiana Fifth Circuit Court of Appeal.

[9] State v. Roberts, 708 So.2d 1119 (La.App. 5 Cir. 1998). The trial court notified the petitioner of the provisions of LA C.Cr.P. Art. 930.8 via letter dated March 4, 1998. State Rec., Vol. III of III.

[10] Roberts' application for post-conviction relief was "filed" in state court for statute of limitations purposes on the date he delivered it "to penitentiary authorities for forwarding to the court." State ex rel. Johnson v. Whitley, 648 So.2d 909, 909 (La. 1995). In this case, Roberts signed his petition on June 16, 1998. Therefore, June 16, 1998, is the earliest possible date petitioner could have delivered this pleading to prison officials for them to forward it to the court.

[11] State Rec., Vol. III of III, petitioner's brief in support of application for post-conviction relief.

[12] State Rec., Vol. III of III, trial court's order dated July 29, 1998.

[13] State Rec., Vol. III of III. State ex rel Roberts v. State, No. 98-KH-889 (La. App. 5th Cir. 8/31/98).

February 5, 1999, the Louisiana Supreme Court denied the application.[14] On February 23, 1999, the petitioner applied for reconsideration before the Louisiana Supreme Court which was denied on April 1, 1999.[15]

In support of his application for federal *habeas corpus* relief, the petitioner claims that:

> 1. He was denied his right to Due Process under the U.S. Constitution when the prosecution breached a plea agreement.
>
> 2. He received ineffective assistance of counsel at trial because his counsel improperly relied on the plea agreement and failed to prepare for trial.

In support of his application for federal *habeas corpus* relief, petitioner claims that he was denied the effective assistance of counsel during a crucial stage of the proceedings against him. According to petitioner, the trial court failed to advise him of his constitutional right to effective assistance of counsel in time for him to file a motion for new trial based on a claim of ineffective assistance of counsel.

The State argues that this Court should not address the merits of petitioner's claim because his application for writ of *habeas corpus* is untimely as it was not filed in accordance with the requirements of 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), P.L. 104-132, 110 Stat. 1220. Generally speaking, the AEDPA requires that a petitioner bring his Section 2254 claims within one year of the date on which his conviction or

---

[14] State Rec., Vol. III of III. State ex rel Roberts v. State, 737 So.2d 745 (La. 1999).

[15] State Rec., Vol. III of III. State ex rel Roberts v. State, 741 So.2d 1276 (La. 1999)

4

sentence became final.[16] Petitioner's sentence became final on or about March 11, 1998, fourteen days after the Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentence. See, LSA C.Cr.P. Art. 922 (West 2000). Therefore, his petition for federal *habeas* relief was due on or before March 11, 1999 unless the deadline was properly tolled.

With respect to prisoners such as Roberts whose convictions became final after the enactment of the AEDPA, he has one year after the date his conviction is final to apply for federal *habeas corpus* relief. In addition, the AEDPA's one-year statute of limitations is tolled for the period of time during which a properly filed application for State post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. Fields v. Johnson, 159 F.3d 914,

---

[16] Specifically, Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims is presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

916 (5th Cir. 1998); 28 U.S.C. §2244 (d)(2). "'[A] properly filed application' is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3rd Cir. 1998); Galindo v. Johnson, 19 F.Supp.2d. 697, 701 (W.D. Texas 1998); Smith v. Ward, ___ F.3d ___, 2000 WL 358294 (5th Cir. 2000).

Robert's petition for federal *habeas* relief was filed on January 7, 2000,[17] nearly two years after his conviction became final. Therefore, in order to determine whether Robert's application for federal *habeas* relief was timely filed, this Court must determine whether the statute of limitations was tolled by the petitioner properly filing a post-conviction application or other collateral attack on his conviction or sentence.

A review of the state court record reveals that after his conviction and sentence were affirmed by the Louisiana Fifth Circuit Court of Appeal, the only pleading filed by Roberts in state court that attacked the validity of either his conviction or sentence was his application for post-conviction relief filed with the 24th Judicial District Court on June 16, 1998. His application for post-conviction relief was pending before the state courts until April 1, 1999, when the Louisiana Supreme Court denied his application for supervisory and/or remedial writs. Therefore, petitioner's March 11, 1999 deadline was extended for 290 days. His petition should have been filed on or before December 26, 1999.

As previously noted, petitioner filed his application for writ of *habeas corpus* in this Court

---

[17] January 7, 2000, is the date petitioner signed his certificate of service on his application for writ of *habeas corpus*. This date represents the earliest date that petitioner could have presented his application for federal *habeas* relief to prison officials for mailing to this Court and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. See Cooper v. Brookshire, 70 F. 3d 377, 379 (5th Cir. 1995)(citing Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988)).

on January 7, 2000. Because his *habeas* application was filed after the deadline, it is time-barred and it should be dismissed with prejudice.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition of Anthony Roberts for *habeas corpus* relief be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 22 day of May, 2000.

_____
SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE